UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MR. RICHARD DEON LACEY,

                    Plaintiff,                    05-CV-2040
                                                               (SJF)(WDW)
       -against-

                                                               **OPINION & ORDER**

JUSTICE JOSEPH CALABRESE, Per-
sonally and individually and in his
Official Capacity as a Local Nassau
County District Court Judge,

                    Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

*Pro se* plaintiff Richard Deon Lacey ("Plaintiff") seeks injunctive relief against and monetary damages from defendant Justice Joseph C. Calabrese, a Nassau County District Judge ("Justice Calabrese" or "Defendant") for an alleged violation of Plaintiff's civil rights. Defendant opposes Plaintiff's request for a preliminary injunction, and cross-moves to dismiss Plaintiff's complaint. For the reasons set forth below, Defendant's motion is granted, and Plaintiff's complaint is dismissed.

II.     Background

Plaintiff was convicted in March 2005 of two counts of second degree burglary and one count of third degree criminal possession of stolen property in Nassau County, New York. On March 17, 2005, Plaintiff was sentenced to two consecutive twelve and one-half year sentences and five years of supervised release by Justice Calabrese, the judge assigned to Plaintiff's case. Plaintiff alleges, pursuant to 42 U.S.C. §§ 1983 and 1985, CPLR 7003(c) and 7009(c) and the

Universal Declaration of Human Rights, that Justice Calabrese violated his civil rights by denying Plaintiff's motions to suppress evidence, to reopen the suppression hearing, to reargue the denial of that motion, to dismiss the indictment for alleged speedy trial violations and for bail reduction.

Plaintiff now requests that this Court: (i) "intervene in this matter and assign a Judge that will decide this case fairly according to the laws of this land," (Cmplt. at 8 ¶ 3); and (ii) grant an injunction to prevent Justice Calabrese and Assistant District Attorney Karen Taggart "and anyone that is currently involved in this case from acting in concert with one another concerning the issues of this case and the issues of this complaint." (Id. at ¶ 2). In addition, Plaintiff seeks equitable, declaratory, and monetary relief as well as release from confinement.[1] Defendant opposes Plaintiff's request for a preliminary injunction, and cross-moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

III.  Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

---

[1] While Plaintiff does not specifically seek monetary damages in the complaint, he does seek damages in the amount of $200,000,000 in his notice of motion for a preliminary injunction.

IV. Analysis

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted only where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

A.  Judicial Immunity

It is well-settled that judges are immune from liability under the doctrine of absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356, reh'g denied, 436 U.S. 951 (1978); Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988). "The rule of absolute judicial immunity is necessary because principled and fearless decision-making will be compromised if a judge fears that unsatisfied litigants may hound him with litigation charging malice or corruption." Sharp v. Bivona, 304 F. Supp. 2d 357, 364 (E.D.N.Y. 2004) (internal citation and quotations omitted).

The only exceptions to this broad doctrine are: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. Plaintiff has not alleged, nor could his complaint be read to suggest, that Justice Calabrese's refusal to suppress the contested evidence falls into either of these categories. An evidentiary ruling by a district judge presiding

3

over a criminal case is clearly a judicial action, and clearly within the scope of the judge's jurisdiction. Moreover, "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11-12 (quotations omitted).

Furthermore, as to Plaintiff's claims for injunctive relief, Congress amended § 1983 in 1996 to bar such relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, § 309(c), 110 Stat. 3847, 3853; see also Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999); Hili v. Sciarrotta, 140 F.3d 210, 215 (2d Cir.1998). Because Plaintiff does not allege, and the complaint does not suggest, that a declaratory decree was violated or that declaratory relief was unavailable, the claims for injunctive relief against Justice Calabrese are barred by § 1983.

Finally, to the extent that Plaintiff seeks to challenge his confinement or to vacate his state conviction pursuant to § 1983, the Supreme Court has ruled that the appropriate procedure for that relief is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1975); see also Abdul-Hakeem v. Koehler, 910 F.2d 66, 68-69 (2d Cir. 1990). In Preiser, the Supreme Court stated that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. Therefore, insofar as Plaintiff is seeking release from confinement pursuant to § 1983, Plaintiff has failed to use the appropriate vehicle for relief and his claims are dismissed.

B. Rooker-Feldman

To the extent Plaintiff seeks to overturn Justice Calabrese's suppression ruling, the Rooker-Feldman doctrine prevents this Court from exercising jurisdiction. Under the Rooker-Feldman, established at Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), this Court lacks authority to review final judgments of a state court in judicial proceedings. "The Rooker-Feldman doctrine ... [removes jurisdiction in] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005). This Court thus lacks jurisdiction over any claims brought by Plaintiff seeking to overturn Justice Calabrese's decisions, and they are therefore dismissed.

C. Relief Pursuant to CPLR Article 70

Plaintiff asserts claims for habeas corpus relief pursuant to New York Civil Practice Law and Rules ("CPLR") 7000 et seq. The CPLR by its own terms applies only in New York state courts. CPLR 101 (establishing that the CPLR "shall govern in all courts of the state . . . ."); see also CPLR 7002 (listing venues in which state habeas corpus petitions can be brought).[2] If Plaintiff seeks to file a petition for a writ of habeas corpus in this Court, he must do so pursuant to federal law. 28 U.S.C. § 2254; see also Beverly v. Walker, 899 F. Supp. 900, 908 (N.D.N.Y. 1995) (holding that "federal habeas corpus relief does not lie for errors of state law that do not

---

[2] Plaintiff purports to assert claims under CPLR 7003(c) and 7009(c), two of several sections that govern New York state habeas corpus petitions. In light of Plaintiff's pro se status, the Court will construe his Complaint as asserting claims under all of the New York state habeas corpus provisions established at Article 70.

5

rise to the level of federal constitutional violations.") (citing to Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Plaintiff's claims under New York CPLR 7000 et seq. are therefore dismissed.

D. Universal Declaration of Human Rights

The Universal Declaration is a non-binding resolution of the United Nations General Assembly that does not create rights pursuant to which Plaintiff can assert a claim. See Sosa v. Alvarez-Machain, 124 S. Ct. 2739, 2767 (2004); Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 719 (9th Cir.1992). As such, Plaintiff's claims under this resolution are dismissed.

V. Conclusion

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and Plaintiff's motion for a preliminary injunction is DENIED. The Clerk of Court is directed to close this case.

Sandra J. Feuerstein
United States District Judge

Dated: May __, 2005
Central Islip, New York